```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/10
```

PAMELA CARVEL,

                Plaintiff,

    - against -

FRANCHISE STORES REALTY CORP., ET AL.,

                Defendants.

08 Civ. 8938 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Pamela Carvel ("the plaintiff"), moves pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York for reconsideration of this Court's Order dated December 1, 2009, which granted defendant's Franchise Stores Realty Corp. ("the defendant") motion to dismiss with regard to nearly all claims in the Amended Complaint.

I.

The plaintiff brought the underlying action for rent allegedly owed by the defendants to an entity called Realities. See Carvel v. Franchise Stores Realty Corp., No. 08 Civ. 8938, 2009 WL 4333652, at *1 (S.D.N.Y. Dec. 1, 2009). The pro se plaintiff, the niece by marriage of the deceased Agnes Carvel, alleged that Agnes Carvel assigned the lease to Realities in 1994 and that Realities had assigned its cause of action to the

plaintiff.  The defendants allegedly failed to pay rent pursuant to the lease from 2000 to 2007.  The plaintiff, no stranger to litigation regarding the estate of Agnes Carvel, alleged a host of claims arising from this failure to pay rent, including fraud, various tort claims, abuse of process, various violations of civil rights laws, and RICO claims.

In the Court's Order dated December 1, 2009, the Court granted in part the defendant's motion to dismiss.  The Court dismissed all claims except for the breach of contract claims from October 17, 2002 through 2007.  The Court found that the remaining claim was not time-barred.  See id. at *5-6.

II.

The plaintiff brings this motion for reconsideration and argues the Court's Order was based on erroneous conclusions of law and incorrect material facts.  The plaintiff relies primarily on a portion of the Court's Order which states that Agnes Carvel "died in 1994."  See id. at *5.

Reconsideration should only be granted if the court overlooked matters or controlling decisions.  See Local Rule 6.3.  Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality.  In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F.

2

Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). In a motion for reconsideration, a party may not "advance new facts, issues, or argument not previously presented to the Court." Torres v. Carry, No. 08 Civ. 8967, 2009 WL 3633897, at *1 (S.D.N.Y. Oct. 29, 2009) (citation omitted) (motion under Local Rule 6.3); see also Meteor AG v. Fed. Express Corp., No. 08 Civ. 3773, 2009 WL 3853802, at *3 (S.D.N.Y. Nov. 18, 2009).

The plaintiff is correct that the Court's Opinion contains a typographical error. At one point it states that Agnes Carvel "died in 1994." Carvel, 2009 WL 4333652, at *5. However, this is a typographical mistake and does not alter the substance of the Opinion. Indeed, the decision correctly notes on the first page that Agnes Carvel died in 1998. See id. at *1 ("Agnes died in 1998.").

As the Court's Opinion makes clear, Agnes Carvel only had the possible right to assign income from the lease in question during her lifetime. Even if she had assigned such income from the lease during her lifetime—whether she died in 1994 or 1998—the plaintiff's only possible claim that would not be time-barred would be the claim for breach of contract for failure to pay rent for the period October 17, 2002 through 2007. Id. at *14. The Court permitted that claim to proceed. Therefore, the Court denies the motion for reconsideration because its Opinion was plainly correct.

While the defendant argues in its response to the current motion that the Court should have dismissed the entire Amended Complaint, the defendant did not move for reconsideration, nor does it argue that the Court overlooked the matters and decisions on which it currently relies.

## III.

The plaintiff also moves for the Court to take judicial notice of various items, including a transcript of the plaintiff's legislative testimony.  The items do no appear to have any relevance to the issues decided on the motion to dismiss, and therefore the motion is denied.

The plaintiff's motion for interrogatories to identify John Doe defendants is also denied.  The Court has already dismissed the claims as to which the John Doe defendants would be relevant, and therefore interrogatories would be inappropriate at this time.

## CONCLUSION

The plaintiff's motions for reconsideration, for judicial notice, and for interrogatories are **denied**. To the extent that the plaintiff makes arguments not specifically addressed in this Order, the Court finds them to be without merit.

The Clerk is directed to close Docket Nos. 35 and 38.

**SO ORDERED.**

Dated:   New York, New York
         March 1, 2010

                                        _____
                                        John G. Koeltl
                                        United States District Judge